UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CAMEEL A. HALIM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 03 C 8414 |
| | ) | |
| THE GREAT GATSBY'S AUCTION GALLERY, INC., | ) ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

Charles P. Kocoras, District Judge:

This matter is before this Court on Plaintiff Cameel Halim ("Halim")'s application to vacate an arbitration award. In response to Halim's application, Defendant The Great Gatsby's Auction Gallery, Inc. ("Gatsby") filed a motion to confirm that same award. For the reasons set forth below, Halim's application to vacate the award is denied, and Gatsby's motion to confirm the award is granted.

## BACKGROUND

This matter originally came before this Court on Halim's complaint against Gatsby for breach of novation, fraudulent and negligent misrepresentation, and breach of express warranty, arising out of purchases Halim made from one of Gatsby's

auctions. The nature of the dispute is set out in detail in our prior opinion, in which we ordered the parties to arbitration pursuant to an arbitration clause contained in the auction agreement ("Auction Agreement") entered into by Halim and Gatsby. *See Halim v. The Great Gatsby's Auction Gallery, Inc.*, 2004 WL 434191 (N.D. Ill., Mar. 5, 2004). The parties submitted the matter to an arbitrator, who, in his award of September 15, 2006, denied Halim's claims in their entirety and ordered that the parties share the costs of the arbitration. Halim then filed an application with this Court, seeking vacatur of the award and a remand for further arbitral proceedings.

## **DISCUSSION**

Halim asks that we vacate the arbitrator's award because the arbitrator manifestly disregarded the law, in that he 1) refused to resolve a material discovery dispute; 2) neglected to issue a "reasoned opinion"; and 3) allowed Halim's expert to testify as an "undisclosed witness" for Gatsby. Gatsby opposes Halim's motion and has filed its own motion to confirm the award.

I.  Application to Vacate Arbitration Award

Under the Federal Arbitration Act ("FAA"), 9 U.S.C. § 10(a), the grounds for overturning an arbitral award are "narrowly limited." *IDS Life Ins. Co. v. Royal Alliance Associates, Inc.*, 266 F.3d 645, 649 (7th Cir. 2001). As the Seventh Circuit has explained:

It is tempting to think that courts are engaged in judicial review of arbitration awards under the Federal Arbitration Act, but they are not. When parties agree to arbitrate their disputes they opt out of the court system, and when one of them challenges the resulting arbitration award he perforce does so not on the ground that the arbitrators made a mistake but that they violated the agreement to arbitrate, as by corruption, evident partiality, exceeding their powers, etc.-conduct to which the parties did not consent when they included an arbitration clause in their contract.

*Wise v. Wachovia Securities, LLC*, 450 F.3d 265, 269 (7th Cir. 2006). Halim argues that the arbitration award should be vacated pursuant to § 10(a)(3) of the FAA, because the arbitrator refused to hear pertinent and material evidence, and pursuant to § 10 (a)(4) because the arbitrator exhibited "manifest disregard of the law" in exceeding or imperfectly executing his powers.

For Halim to succeed on his main argument - that the arbitrator manifestly disregarded the law - he must show more than mere error. Neither factual nor legal error, no matter how gross, is sufficient to support overturning an arbitral award. *IDS Life Ins. Co.,* 266 F.3d at 650. Accordingly, the Seventh Circuit has limited the "manifest disregard of the law" standard to encompass only two possibilities - 1) an order requiring the parties to violate the law; or 2) an order that does not adhere to the legal principles specified by contract. *George Watts & Son, Inc. v. Tiffany and Co.*,

248 F.3d 577, 581 (7th Cir. 2001). With the applicable legal standards in mind, we address each of Halim's grounds for seeking to vacate the arbitration award.

A. Discovery Dispute

First, Halim argues that the arbitrator refused to hear a discovery dispute between the parties concerning the production of copies of all invoices for all items sold at the Gatsby auction in which Halim participated. Gatsby did not produce the documents, and Halim requested that the arbitrator resolve the issue. The arbitrator did not rule on the issue and instead referred the parties to his prior order concerning discovery, which he had entered in an attempt to resolve earlier discovery disputes. Halim argues that the arbitrator's act amounted to a refusal to hear evidence pertinent and material to the controversy in violation of § 10(a)(3) of the FAA as well as a failure to follow the rules of the American Arbitration Association ("AAA") and the parties' "own rules" in violation of § 10(a)(4).

Not every refusal to receive evidence justifies vacating an arbitration award. *Newark Stereotypers' Union No. 18 v. Newark Morning Ledger Co.*, 297 F.2d 594, 599 (3d Cir. 1968) (vacating an award is justified only by errors in receipt of the evidence "which so affects the rights of a party that it may be said that he was deprived of a fair hearing.") Evidence contained within the invoices, Halim claims, was of "paramount importance" because he intended to prove that the auction was fraudulent in that it was not conducted "absolute and without reserve," as advertised. Gatsby argues that

evidence of items auctioned without reserve is irrelevant, because Halim did not bid on items without a reserve, and was still able to argue issues of fraud before the tribunal. In his reply, Halim appears to have abandoned his argument under § 10(a)(3) in that he does not explain how he was prejudiced by an inability to introduce evidence from the invoices. Instead, he argues that the question is not whether or not the evidence was admitted, but whether or not the arbitrator's refusal to specifically address the dispute over the invoices was fundamentally unfair. This is not an argument under § 10(a)(3) - instead, it is more properly considered with Halim's argument that the arbitrator manifestly disregarded the law under § 10(a)(4).

Halim argues that the refusal to determine the relevancy and materiality of the evidence constitutes a violation of the AAA rules (which the parties had agreed would apply to the arbitration) as well as the parties' "own rules" in that the arbitrator resolved other discovery disputes but not the discovery dispute over the invoices. This failure to follow the AAA's rules as well as the parties' "own rules", Halim contends, amounts to a "manifest disregard of the law" under § 10(a)(4).

A review of the applicable rules and the arbitrator's decision makes clear that the arbitrator was merely exercising the authority and judgment for which the parties had contracted. The arbitrator's January 2006 discovery order required the parties "to cooperate to complete the discovery schedule" because he felt that "both sides have lost sight of the fact that this is an arbitration and meant to be a cost effective and efficient

process to be completed in an expeditious manner" such that it would be "inappropriate" for the arbitrator to "micromanage a laborious and tedious discovery process as if this were a litigated case in court." Halim describes this order as a "resolution" of prior discovery disputes that obligated the arbitrator to specifically resolve any later disputes. This order was not a resolution of specific disputes, as Halim contends - instead, it is clear from the text that the order simply required the parties to complete discovery in good faith. The arbitrator's action in resolving this dispute was in conformance with the AAA rules governing discovery. Although Halim contends that the arbitrator violated Rule 31(g) and Rule L-4, it is clear that the former is irrelevant and that the arbitrator followed, rather than disregarded, the latter. First, Rule 31(g) does not apply, because it governs the admissibility of evidence, not the conduct of discovery. Second, Rule L-4 permits the arbitrator to "take such steps as [he] may deem necessary or desirable to avoid delay and to achieve a just, speedy and cost effective resolution" of the case, which can, but need not include, resolving every discovery dispute. The arbitrator's decision not to rule on additional discovery disputes, but instead to reiterate the parties' contractual obligation to cooperate in discovery was clearly based on his desire to ensure a cost-effective resolution, was consistent with AAA rules and does not qualify as "manifest disregard" of the law.

B. Failure to Issue a Reasoned Opinion

Second, Halim argues that the arbitrator failed to issue a "reasoned opinion" as required by the Auction Agreement, because he failed to explain how Halim's failure to conduct due diligence was "fatal to a recovery by him on any applicable theory claimed by him in the case" including his breach of express warranty claim. An express warranty, Halim argues, relieves the purchaser of the obligation to inspect the goods prior to purchasing them. Although Halim contends he is not attacking the arbitrator's decision because he misapplied the law, but instead because he failed to explain how due diligence is fatal to Halim's express warranty claim, the two arguments are one and the same. Halim is not, nor can he be, arguing that the arbitrator did not issue a reasoned opinion. Instead, he simply disagrees with the reasons offered by the arbitrator. This is not grounds for vacatur. *See, e.g., IDS Life Insurance Co.*, 266 F.3d at 650.

C. Gatsby's Use of Halim's Expert

Third, Halim argues that Gatsby used one of Halim's witnesses as its own expert witness without disclosing that intent to Halim prior to arbitration. In essence, Halim is complaining that Gatsby, by examining Halim's expert on cross-examination, expanded the scope of questioning beyond the matters covered on direct examination. During the hearing, the arbitrator overruled Halim's objections to the questioning of its expert and permitted Gatsby to conduct the cross examination. Halim argues that

he is not claiming that the arbitrator made an evidentiary error - a ground that Halim admits would not be a basis for vacatur - but instead that the arbitrator exceeded his authority by allowing Gatsby to use Halim's expert as its own expert without prior disclosure. Again, the two arguments are one and the same. Halim disagrees with the arbitrator's evidentiary ruling; as discussed in the two sections above, an error of law or fact is not grounds for vacating an arbitral award.

Halim has not presented this Court with a single ground to vacate, modify, or correct the arbitrator's award in this case. Therefore, his motion is denied.

II. Gatsby's Motion to Confirm Award

Gatsby has moved to confirm the arbitration award in this Court pursuant to § 9 of the FAA, which provides that "if the parties...have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration...any party to the arbitration may apply to the court...for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected..." The Seventh Circuit has repeatedly held, in accordance with the command contained in Section 9 of the FAA, that "unless there is a specific ground for vacating an award, it must be confirmed." *IDS Life Ins. Co.*, 266 F.3d at 650; *see also Hasbro, Inc. v. Catalyst USA, Inc.*, 367 F.3d 689, 692 (7th Cir. 2004) (even if arbitrator's award contains serious errors of law or fact, so long as the arbitrator did not exceed his or her delegated authority, the award will be enforced).

The parties have consented to confirmation of the award in this court, which has jurisdiction over the parties and the subject matter. The Auction Agreement provides that the rules of the AAA shall apply to the arbitration, and Rule 48(c) of the AAA rules provides that "parties to an arbitration under these rules shall be deemed have consented that judgment upon the arbitration award may be entered in any federal or state court having jurisdiction thereof." In our prior decision in this matter, we have already determined that we have jurisdiction over this dispute and over the parties. *See Halim*, 2004 WL 434191 at *5.

As we held in our discussion of Halim's application to vacate, there are no grounds for vacating the arbitral award. Therefore, we confirm the September 15, 2006, award entered by the arbitrator in this matter.

## **CONCLUSION**

For the foregoing reasons, Halim's application to vacate the arbitral award is denied, and Gatsby's motion to confirm the award is granted.

_____
Charles P. Kocoras
United States District Judge

Dated:   February 15, 2007