UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CAMEEL A. HALIM,                        )
                                        )
            Plaintiff,                  )
                                        )
    vs.                                 )    03 C 8414
                                        )
THE GREAT GATSBY'S AUCTION              )
GALLERY, INC.,                          )
                                        )
            Defendant.                  )

# MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge:

This matter is before this Court on Defendant The Great Gatsby's Auction Gallery, Inc. ("Gatsby")'s motion for sanctions against Plaintiff Cameel Halim ("Halim") for filing a motion to vacate an arbitral award. Gatsby contends that Halim's motion to vacate was frivolous, needlessly increased the costs of litigation, and warrants sanctions pursuant to Fed. R. Civ. P. 11. For the reasons set forth below, Gatsby's motion is granted.

# BACKGROUND

This matter originally came before this Court on Halim's complaint against Gatsby, arising out of purchases Halim made from one of Gatsby's auctions. Halim

alleged that the items he purchased did not match the descriptions in Gatsby's auction catalog and asserted claims of breach of warranty, misrepresentation, novation, and rescission. We ordered the parties to arbitration pursuant to an arbitration clause contained in the auction agreement ("Auction Agreement") entered into by Halim and Gatsby. *See Halim v. The Great Gatsby's Auction Gallery, Inc.*, 2004 WL 434191 (N.D. Ill., Mar. 5, 2004). The parties submitted the matter to an arbitrator, who, in his award of September 15, 2006, denied Halim's claims in their entirety and ordered that the parties share the costs of the arbitration. Halim then filed an application with this Court, seeking vacatur of the award and a remand for further arbitral proceedings. Gatsby moved to confirm the award and filed the instant motion for Rule 11 sanctions. On February 15, 2006, this Court denied Halim's motion to vacate and granted Gatsby's motion to confirm the arbitral award.

## LEGAL STANDARD

Fed. R. Civ. P. 11(b) requires that attorneys make a reasonable inquiry into the facts and the law prior to presenting any pleading, motion, or other paper before the court, so that they may certify that:

> (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
> (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;

> (3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.

Fed. R. Civ. P. 11(c) permits a court to impose sanctions upon an attorney for violations of Rule 11(b). *See, e.g., Nat'l Wrecking Co. v. Int'l Bhd. of Teamsters, Local 731*, 990 F.2d 957, 963 (7th Cir. 1993). Before imposing sanctions for the filing of frivolous or improper papers, a court must "undertake an objective inquiry into whether the party or his counsel should have known that his position is groundless." *Id*. (*quoting CNPA v. Chicago Web Printing Pressmen's Union No. 7*, 821 F.2d 390, 397 (7th Cir. 1987)). A finding of bad faith is not a prerequisite to imposing Rule 11 sanctions. *Id.* at 963. With these legal principles in mind, we consider the instant motion.

## **DISCUSSION**

Rather than argue for an extension or modification of existing law, Halim sought to justify vacatur by framing the arbitrator's errors within the limited grounds for vacatur set out in the Federal Arbitration Act ("FAA"), 9 U.S.C. § 10(a). In his motion, Halim argued that the arbitrator refused to hear pertinent and material evidence, under § 10(a)(3), and manifestly disregarded the law, under §10(a)(4), when he: 1) he refused to resolve a material discovery dispute; 2) he neglected to issue a

reasoned opinion; and 3) he allowed Halim's expert to testify as an undisclosed witness for Gatsby.  Halim withdrew his third contention in his reply in support of his motion to vacate within the 21-day "safe harbor" provided by Rule 11(c).  Thus, we address only whether or not Halim's first two arguments were so groundless as to merit sanctions.

Halim's first argument was premised on the arbitrator's purported failure to resolve a discovery dispute over the production of certain invoices.  In response to earlier discovery disputes between the parties, the arbitrator had issued an order requiring the parties to cooperate in good faith in the completion of discovery.  Halim argues that this order constituted a "ruling" on the parties' discovery disputes.  Later, when another dispute arose over the production of invoices, the arbitrator did not issue a second order but instead referred the parties to his earlier order.  Halim argues that the arbitrator's actions in this matter amounted to (1) a refusal to hear material and pertinent evidence, because the invoices were never produced; and (2) a manifest disregard of the law because the arbitrator, once he had addressed the first discovery dispute, was obligated by AAA rules and the parties' contractual expectations to address the later dispute over production of the invoices.

As an initial matter, Halim has not explained why the invoices at issue were either material or pertinent to his claim.  In fact, in his reply in support of his motion to vacate, Halim essentially abandoned his claim that the failure to obtain the

documents in discovery had prejudiced him in any way; instead, he claimed vacatur was justified solely because the arbitrator did not issue a new order specifically addressing Halim's second discovery dispute. According to Halim, this was a failure to rule in violation of the arbitrator's duty to rule on discovery disputes as provided by AAA rules and as established by his prior conduct. Halim does not explain how the arbitrator's second order could be interpreted as "refusal" to rule on the dispute. Even if we could credit Halim's distorted view of the facts, any argument that the arbitrator disregarded his obligations under the contract is directly contradicted by a plain reading of the arbitrator's order and the applicable AAA rules.

Halim's second argument in support of his contention that the arbitrator manifestly disregarded the law is based on his allegation that the arbitrator failed to provide a decision containing findings of fact and conclusions of law as required by the parties' arbitration agreement. According to Halim, because the arbitrator failed to explain how Halim's failure to conduct due diligence was "fatal to a recovery by him on any applicable theory claimed by him in the case" including his breach of express warranty claim, the arbitrator had not issued a "reasoned opinion" consisting of findings of fact and conclusions of law.

In his detailed, three-page opinion, the arbitrator articulated all of Halim's claims, including his express warranty claims, and then held that Halim's claims were barred, as a matter of law, by the "as is" disclaimer language contained in the Auction

- 5 -

Agreement, and as a matter of evidence, by Halim's failure to examine the articles before purchasing them. Further, the arbitrator then explained that the evidence did not support a conclusion that the disclaimers were procured by fraud. In addition to noting that failure to conduct due diligence barred recovery on any other legal theory, the arbitrator also noted that the evidence did not support recovery under theories of consumer fraud, novation, and recission. The arbitrator provided no more explanation for his conclusions that these additional theories failed as a matter of law than he did with his conclusion concerning the validity of the express warranty claim - however, Halim does not object to those conclusions as insufficiently reasoned. Instead, Halim's brief in support of his motion to vacate, in which he argues that the arbitrator wrongly interpreted the law governing breaches of warranty, makes clear that despite his protestations otherwise, Halim's real disagreement was with the arbitrator's decision - a position that Halim admits is not grounds for vacatur.

Halim's contentions are wholly unsupported by the evidence, and his attempt to shoehorn his disagreement with the arbitrator's interpretation of the law and the evidence into grounds for vacatur is groundless. Halim's briefs supporting his motion to vacate make clear he is aware of the law. He should have known, then, that the arbitrator's conduct did not approach grounds for vacatur. Nonetheless, he sought to vacate the award. The Seventh Circuit has repeatedly upheld the imposition of sanctions for the filing of challenges to arbitration awards that are "substantially

without merit." *Cuna Mut. Ins. Soc. v. Office and Professional Employees Intern. Union, Local 39,* 443 F.3d 556, 561 (7th Cir. 2006). Even though Halim expressly recognizes that courts will not review an arbitrator's errors of law but only his or her refusal to follow the law set out in the parties' arbitration agreement, *e.g. Weis v. Wachovia Securities, LLC,* 450 F.3d 265, 269 (7th Cir. 2006), he has dressed up his arguments concerning his disagreement with the substance of the arbitrator's determination as arguments that the arbitrator had exceeded his authority under the parties' contract. This type of subterfuge is not sufficient to avoid sanctions. *See Cuna*, 443 F.3d at 563. Thus, we conclude that sanctions under Fed. R. Civ. P. 11(c) are warranted.

The purpose of Rule 11 sanctions is deterrence - a goal that may be met by imposing upon the sanctioned party the reasonable attorneys' fees and expenses that his opponent had to bear as a direct result of the filing of the sanctionable motion. *Divane v. Krull Electric Co.*, 319 F.3d 307, 314 (7th Cir. 2003). Accordingly, we will award sanctions in an amount commensurate with Gatsby's reasonable attorneys' fees and costs incurred in litigating its opposition to Halim's motion to vacate and its own motion for sanctions. We will not, however, award fees and costs for expenses Gatsby incurred in filing its motion to confirm the arbitral award.

## CONCLUSION

For the foregoing reasons, Gatsby's motion for sanctions is granted. Gatsby is ordered to submit an affidavit and detailed information supporting its request for attorneys' fees and costs, as permitted by this opinion, by March 21, 2007. Halim has until March 28, 2007 to file any objections to the amounts sought by Gatsby.

/s/ Charles P. Kocoras
_____
Charles P. Kocoras
United States District Judge

Dated:  March 12, 2007